UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| WILLIAM D. HAMBY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:19-CV-291-TAV-HBG |
| TONY PARKER, KEN HUTCHISON, KEVIN PEDDICORD, and AMANDA SIMMS, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction, has filed a pro se complaint for violations of his civil rights pursuant to 28 U.S.C. § 1983, alleging that an inmate who is not supposed to be allowed in the mental health unit where Plaintiff is housed has tampered with his food and "staff" has allowed this [Doc. 1]. Plaintiff has also filed a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **DENIED** and this action will be **DISMISSED** without prejudice to Plaintiff prepaying the filing fee.

I. **Section 1915(g)**

Plaintiff seeks leave to proceed *in forma pauperis* in this case [*Id.*]. Pursuant to § 1915(g) of the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner who has filed three or more suits in federal court that have been dismissed as frivolous or malicious or

for failure to state a claim upon which relief may be granted may not proceed *in forma pauperis*. 28 U.S.C. § 1915(g). There is, however, an exception to this three-strikes rule for prisoners facing "imminent danger of serious physical injury." *Id.*

Here, prior to filing his complaint in this case, Plaintiff had filed more than three civil rights actions while he was incarcerated that were dismissed for failure to state a claim. *See Hamby v. Rhude*, No. 3:19-CV-97 [Doc. 6 p. 1–2] (E.D. Tenn. Apr. 15, 2019) (noting Plaintiff's previous dismissals under § 1915(g) in *Hamby v. Rhude*, No. 3:19-CV-212, 2019 WL 149172, at *1 (M.D. Tenn. Apr. 3, 2019), which cited four prior cases in Middle District that were dismissed for failure to state a claim—specifically: *Hamby v. Lingle*, No. 3:12-CV-942 (M.D. Tenn. Sept. 18, 2012); *Hamby v. Johnson*, No. 3:12-CV-1303 (M.D. Tenn. Jan. 10, 2013); *Hamby v. Johnson*, No. 3:13-CV-96 (M.D. Tenn. Apr. 10, 2013); and *Hamby v. Thomas*, No. 3:13-CV-0127 (M.D. Tenn. Feb.19, 2013)). Accordingly, Plaintiff may not proceed *in forma pauperis* under the three-strikes rule and may only so proceed if he satisfies the elements of the imminent-danger exception.

II. **Imminent Danger**

Plaintiff may not proceed *in forma pauperis* in this action unless his complaint adequately alleges that he was in "imminent danger of serious physical injury" at the time that he filed his complaint. 28 U.S.C. § 1915(g); *see also Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

The only allegations in the complaint that the Court can plausibly infer to assert that Plaintiff was in imminent danger of serious physical injury when he filed his complaint are

his allegations that he is housed in a "sheltered living unit" that only mental health inmates are allowed to enter but that Defendants have hired a non-mental-health-inmate to serve food in that unit who puts feces and detergent in the food and "staff" allows this [Doc. 1 p. 1–2]. But these allegations are conclusory and insufficient to establish that Plaintiff is entitled to proceed under the imminent-danger exception. Specifically, Plaintiff does not set forth any facts to support his assertions that this inmate tampers with his food or that "staff" allows this, such as how he discovered the alleged food tampering, how he knows that "staff" allows the tampering, or which staff members have allowed it.[1]

Accordingly, Plaintiff's allegations regarding food tampering and "staff" allowing it are insufficient to allow Plaintiff to proceed under the imminent-danger exception.[2] *Rittner*, 290 F. App'x at 798 (holding that "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory . . . .") (citations omitted); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492

---

[1] Moreover, none of these allegations allow the Court to plausibly infer that any named Defendant has "directly participated, encouraged, authorized[,] or acquiesced" in the food tampering such that he may be liable for it under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983); *see also Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

[2] The Court further takes judicial notice that a few weeks after he filed his complaint in this action, Plaintiff filed a separate complaint in the United States District Court for the Middle District of Tennessee also arising out of this same inmate's presence in the mental health unit in which he did not allege that this inmate had put feces and detergent in his food, but rather that the inmate had "threatened" to poison Plaintiff's food and that certain defendants therein had hired this inmate to hurt Plaintiff and others, which the Middle District transferred to this District. *See Hamby v. Parker, et al.*, No. 3:19-CV-486-HSM-DCP (E.D. Tenn. filed July 29, 2019).

(6th Cir. 2012) (holding that "[a]llegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief).

## III. CONCLUSION

Accordingly:

(1) Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **DENIED**;

(2) Plaintiff's complaint will be **DISMISSED** without prejudice to Plaintiff prepaying the filing fee pursuant to the three-strike rule of 28 U.S.C. § 1915(g); and

(3) The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE